**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY J. STAUDENMAIER, | No. 14-55392 |
| Plaintiff - Appellant, | D.C. No. 8:12-cv-00619-JGB-AN |
| v. | |
| ORANGE COUNTY DEPARTMENT OF EDUCATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Timothy J. Staudenmaier appeals pro se from the district court's summary judgment in his employment action alleging violations of the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008)*.*  We affirm.

To the extent Staudenmaier's ADEA claim was based on events in 2000, the district court properly granted summary judgment because Staudenmaier failed to raise a genuine dispute of material fact as to whether his claim was timely.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (explaining that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges"; therefore, the charge "must be filed within the 180– or 300– day time period after the discrete discriminatory act occurred").  We do not consider the district court's summary judgment with respect to any other allegations related to Staudenmaier's ADEA claim because Staudenmaier does not raise those allegations on appeal.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

Because the district court dismissed Staudenmaier's ADA claim on the ground that he failed to exhaust, and Staudenmaier does not challenge that determination on appeal, we do not consider Staudenmaier's arguments regarding the merits of his ADA claim.

The district court did not abuse its discretion in denying Staudenmaier's

motion to file an amended complaint because Staudenmaier failed to demonstrate good cause for amending after the deadline. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609 (9th Cir. 1992) (setting forth standard of review and "good cause" requirement to modify a scheduling order).

Staudenmaier's contention that the "federal rules of disclosure" were violated is without merit.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**